FILED

NOT FOR PUBLICATION

JAN 10 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHERIF E. EL DABE, Individually and on Behalf of All Others Similarly Situated (Calavo Investor Group); JOHN O'HANLON, (Calavo Investor Group); ELLIOT C. NELMS, (Calavo Investor Group),<br><br>           Plaintiffs-Appellants,<br><br>  v.<br><br>CALAVO GROWERS, INC.; LECIL D. COLE; ARTHUR BRUNO; EGIDIO CARBONE; GEORGE H. BARNES; MICHAEL A. DIGREGORIO; STEVEN HOLLISTER; JOHN M. HUNT,<br><br>           Defendants-Appellees. | No.   16-55426<br><br>D.C. No.<br>2:15-cv-00400-GW-AS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted December 6, 2017
Pasadena, California

---

   [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: CANBY and REINHARDT, Circuit Judges, and BLOCK,[**] District Judge.

Sherif E. El Dabe, John O'Hanlon, and Elliot C. Nelms ("Plaintiffs") appeal the district court's order dismissing their Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and review the district court's order de novo. *Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1205 (9th Cir. 2016). We affirm.

Plaintiffs allege that Calavo Growers, Inc. ("Calavo"), two executive officers at Calavo, and five audit committee members at the company (collectively "Defendants") filed false and misleading financial statements in violation of § 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated by the Securities and Exchange Commission. S*ee* 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5. To plead a claim under § 10(b) and Rule 10b-5, a complaint must "state with particularity facts giving rise to a strong inference" of scienter. 15 U.S.C. § 78u-4(b)(2)(A); *Or. Pub. Emps. Ret. Fund v. Apollo Group Inc.*, 774 F.3d 598, 603–04 (9th Cir. 2014). A defendant acts with scienter when he makes false or misleading statements "either intentionally or with deliberate recklessness." *In re Daou Sys., Inc.*, 411 F.3d 1006, 1015 (9th Cir. 2005).

---

[**] The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

2

In 2011, Calavo acquired Renaissance Food Group, LLC ("RFG"). It paid $16 million in cash and shares at closing and agreed, as contingent consideration, to pay up to $84 million more in cash and shares of Calavo stock if RFG's operations met certain financial goals within five years after the acquisition. These terms were disclosed to investors. During fiscal years 2011 through 2013, Calavo erroneously classified the contingent consideration as equity, instead of liability, in its financial statements, resulting in a large overstatement of Calavo's earnings. RFG exceeded the target goals within three years, requiring Calavo to make the full contingent payment. In 2015, Calavo reported its error and announced corrections and non-cash charges made to its 2012, 2013, and 2014 financial statements.

These facts, along with the others alleged in the Complaint or contained in public financial filings subject to judicial notice, do not state a plausible case that these named Defendants acted with knowledge of falsity of their statements or with deliberate recklessness in issuing them. There is no allegation that the Defendants were alerted to any possible defect in the original treatment of the contingent liability and Calavo's auditor, Ernst and Young LLP, issued "clean audit reports" for fiscal years 2011 through 2013. Plaintiffs set forth the conclusion of an accounting expert that the erroneous treatment of the contingent liability

3

"unquestionably" violated Generally Accepted Accounting Principles, but that conclusion does not support a plausible and strong inference that the Defendants knew or should have known that their accountants had erred and that their resulting financial statements were misleading investors. *Cf. In re Software Toolworks Inc.*, 50 F.3d 615, 628 (9th Cir. 1994); *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1426 (9th Cir. 1994).

It is true that the overstatements of Calavo's earnings were huge. For 2014, for example, Calavo's restatement eliminated approximately $40 million of reported earnings. Even so, the financial scope of Calavo's mistake and the company's publication of a restatement do not create a strong inference of scienter. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 622 (9th Cir. 2017); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1000 (9th Cir. 2009).

Finally, Plaintiffs claim that Defendants were motivated to treat contingent consideration as equity in order to inflate Calavo's financial results and be eligible for bonuses, minimize the financial toll of the California drought on avocado production, and meet analysts' expectations. "[G]eneralized assertions of motive, without more, are inadequate" to show that Defendants disseminated misleading financial statements either intentionally or with deliberate recklessness. *See Zucco*

4

*Partners*, 552 F.3d at 1004 (providing that if "simple allegations of pecuniary motive were enough to establish scienter, virtually every company . . . could be forced to defend securities fraud actions") (internal quotation marks and citations omitted)). Moreover, there is no allegation that the Defendants engaged in any suspicious stock transactions. Absent facts giving rise to a "strong inference" of scienter, Plaintiffs do not adequately state a cause of action under § 10(b) and Rule 10b-5. We therefore affirm the dismissal of those claims.

The Plaintiffs' claim under § 20(a) of the Exchange Act was derivative, *see* 15 U.S.C. § 78t(a), and was properly dismissed in light of their failure to state claims under § 10(b) and Rule 10b-5. *See Zucco Partners*, 552 F.3d at 990.

**AFFIRMED.**